## In re KOCHENDORFER.
### Patent Appeal No. 2511.

Court of Customs and Patent Appeals.
Dec. 1, 1930.

F. T. Woodward and H. A. Pattison, both of New York City (H. B. Whitfield, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Judge.

This is an appeal from the decision of the Board of Appeals of the Patent Office affirming that of the Examiner refusing to allow claims 1, 3, and 8 to 21 of appellant's application for patent.

Claims 1 and 13 are illustrative, and read as follows:

"1. In a wire drawing machine, two shafts one located above the other, a sheave mounted on the upper shaft, a capstan mounted on the lower shaft for drawing wire vertically, a die block located between the sheave and capstan, a die supported on said block, and means for supplying lubricant to said die block in such quantity that it drains onto the capstan for lubricating it."

"13. In a wire drawing machine, a guide roll, a drawing element located there below, a die located between the guide roll and the drawing element, and supply and take-up spools supported in bearings so as to be mounted one above the other at right angles to the axes of the guide roll and the drawing element."

The references relied upon are: Byrne, 353663, December 7, 1886; Wallace, 418095, December 24, 1889; White, 431499, July 1, 1890; Edwards, 543858, August 6, 1895; Smith, 796261, August 1, 1905; Kearney et al., 834063, October 23, 1906; Carroll, 1000492, August 15, 1911; Benner, 1316411, September 16, 1919.

As indicated by the claims quoted, applicant's device relates to a wire drawing machine for drawing wire through a plurality of stages of reduction; special reference being had to the lubricating features.

Each of the claims was rejected upon the ground that the specific features claimed were either found in the references, or, if not found precisely as claimed, the modifications of features found in the references to corre-

spond with appellant's claims did not involve invention, and that the combination of such different features did not involve invention.

We have carefully examined all of appellant's contentions, and from such examination we are unable to say that the Board of Appeals erred in rejecting the claims in issue.

The rule is well settled that, where the tribunals of the Patent Office concur in holding that claims do not involve patentable invention, the decision of the Board of Appeals should not be reversed unless manifestly wrong. In re Demarest (Cust. & Pat. App.) 38 F.(2d) 895; In re Banner (Cust. & Pat. App.) 39 F.(2d) 690.

While the argument of appellant's counsel is very persuasive as to the patentability of certain of the claims, particularly as to the system of lubrication disclosed and claimed in his application, we cannot say that the Patent Office tribunals were manifestly wrong in holding that patentable novelty did not exist.

Appellant's counsel very earnestly insists that, even conceding, for the purpose of argument, that every feature of appellant's structure described in his application may be found in the patents cited as references, they are not found in any single patent, and that appellant, combining the several features shown in such references, has, by their co-operation with each other, produced a new and useful result which involved invention. Without question, if this be a fact, the decision of the Board of Appeals should be reversed.

While appellant's counsel stated upon oral argument that the device here in question has been put into successful operation, that wire is drawn by it at higher speeds than was possible in the prior art, that engineers and experts have pronounced appellant's machine to be the finest in the art, and that many of the machines have been manufactured and are in commercial use, we find no evidence in the record in support of these statements. The statute requires that we shall review decisions appealed from on the evidence produced before the Patent Office, and we cannot consider any facts that are not found in the record, or of which we cannot take judicial notice.

It is true that the decision of the Examiner contains the following: "It is conceded that applicant's machine as a whole is an up-to-date and fine machine, and one that will draw wire at high speeds, but is this due solely or in any part to the lubricating features, or due to the die construction and take up spool which is responsive to the tension of the wire being drawn, as claimed in assignee's patent 1,599,393, or to the means for stopping the capstan in case the wire breaks, means for obtaining a uniform tension on the wire or other combination of elements as claimed in assignee's patent #1,608,248, or to the controlling of the supply of lubricant in regard to the wire being drawn and other combination of elements as claimed, especially claims 7 and 8, in assignee's patent #1,608,247 or to the specific construction of the die which enables wire to be drawn at higher speeds than has heretofore been possible as disclosed and claimed in assignee's patent #1,438,940 or to other specific features of applicant's machine taken in its entirety."

The Examiner concludes his decision with the following statement: " * * * In view of the other improvements over the old art the disclosures of the references at hand and their applicability it is not considered that the structure of the issue caused the assignee's machine to be the finest in the art nor is it considered that the same plays such an important part in the achievements accomplished by the assignee company, nor is it considered that such change involved invention."

Even if this could be regarded as a finding of the Examiner based upon evidence, produced but not appearing in the record, that appellant's machine is a great improvement over the prior art, it should be observed that the examiner was speaking of a machine embodying, presumably, the features in issue and also other features patented to appellant's assignee.

There is nothing in the record, either by way of evidence or findings of the patent tribunals, that any new and useful result of the machine referred to was attributable to the features covered by the claims in issue, but the findings are to the contrary.

Lastly, it is claimed by appellant that the decision of the Examiner shows that he was in doubt as to the patentability of appellant's claims on the lubrication of the die, and that, under the well-established rule, doubt as to the patentability of appellant's claims should be resolved in his favor.

We find no such doubt expressed in the decisions of the Patent Office. The question is raised by the Examiner as to whether

the success of appellant's machine is due to the controlling of the supply of lubricant, or to other features of the machine for which appellant's assignee holds patents. That is not an expression of doubt, but a statement as to lack of evidence and a reason why patentability could not be found. Failure upon the part of appellant to produce evidence of patentability cannot create a doubt as to patentability.

The decision of the Board of Appeals of the Patent Office is affirmed.

Affirmed.